# EXHIBIT A

**Pollaro, Robert**

| | |
|---|---|
| **From:** | Douglas A. Foss <DFoss@HarrisBeach.com> |
| **Sent:** | Thursday, January 24, 2019 11:05 AM |
| **To:** | Pollaro, Robert |
| **Cc:** | Kyle D. Gooch |
| **Subject:** | RE: NewMarket v VetPharm |

Sorry for the delay in responding to your e-mail, but we've had some difficulty in getting AAA to supply us the information/explanations we've been seeking. However, it now appears that there's no choice but to file wholly anew, and we are considering various options in light of that information. Once we reach a firm decision we'll advise you promptly.

**Douglas A. Foss**
**Partner**

**HARRIS BEACH** PLLC

ATTORNEYS AT LAW
99 Garnsey Road
Pittsford, NY 14534
585.419.8612   Direct
585.419.8801   Fax
585.419.8800   Main

Website   |   Bio   |   Add to Contacts

**p r a c t i c e G R E E N**
Save a tree. Read, don't print, emails.

**From:** Pollaro, Robert <Robert.Pollaro@cwt.com>
**Sent:** Wednesday, January 16, 2019 1:50 PM
**To:** Douglas A. Foss <DFoss@HarrisBeach.com>
**Subject:** NewMarket v VetPharm

Douglas,

Happy New Year. I hope all is well. I am following up on my pre-holiday call to you regarding arbitration. On our call you indicated that you were attempting to find out whether or not you could re-institute the prior arbitration that VetPharm withdrew or if VetPharm would have to file for a new arbitration. Do you have an update?

Regards,

Robert

**Robert Pollaro**
Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel: +1 (212) 504-6484 | Fax: +1 (212) 504-6666
Robert.Pollaro@cwt.com | www.cadwalader.com

1

NOTE: The information in this email is confidential and may be legally privileged.  If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy.  Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.

**Statement of Confidentiality**
This electronic message may contain privileged or confidential information. If you are not the intended recipient of this e-mail, please delete it from your system and advise the sender.

# EXHIBIT B



# Commercial
Arbitration Rules and Mediation Procedures

**Including Procedures for Large, Complex Commercial Disputes**



Available online at **adr.org/commercial**

Rules Amended and Effective October 1, 2013
Fee Schedule Amended and Effective July 1, 2016

the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties.

### R-55. Neutral Arbitrator's Compensation

**(a)** Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation.

**(b)** If there is disagreement concerning the terms of compensation, an appropriate rate shall be established with the arbitrator by the AAA and confirmed to the parties.

**(c)** Any arrangement for the compensation of a neutral arbitrator shall be made through the AAA and not directly between the parties and the arbitrator.

### R-56. Deposits

**(a)** The AAA may require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee, if any, and shall render an accounting to the parties and return any unexpended balance at the conclusion of the case.

**(b)** Other than in cases where the arbitrator serves for a flat fee, deposit amounts requested will be based on estimates provided by the arbitrator. The arbitrator will determine the estimated amount of deposits using the information provided by the parties with respect to the complexity of each case.

**(c)** Upon the request of any party, the AAA shall request from the arbitrator an itemization or explanation for the arbitrator's request for deposits.

### R-57. Remedies for Nonpayment

If arbitrator compensation or administrative charges have not been paid in full, the AAA may so inform the parties in order that one of them may advance the required payment.

**(a)** Upon receipt of information from the AAA that payment for administrative charges or deposits for arbitrator compensation have not been paid in full, to the extent the law allows, a party may request that the arbitrator take specific measures relating to a party's non-payment.

**(b)** Such measures may include, but are not limited to, limiting a party's ability to assert or pursue their claim. In no event, however, shall a party be precluded from defending a claim or counterclaim.