**HARRIS BEACH** <sub>PLLC</sub>
ATTORNEYS AT LAW

February 13, 2019

SUITE 2500
ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 848-1244

KELLY JONES HOWELL

DIRECT:  (212) 912-3652
FAX:     (212) 687-0659
KHOWELL@HARRISBEACH.COM

**VIA ECF**

Honorable Michael A. Shipp
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

      Re:   *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc., et al.*,
             Civil Action No. 3:17-cv-01852-MAS-TJB

Dear Judge Shipp:

      I am counsel for defendants VetPharm, Inc. and Denni O. Day (collectively, "VetPharm") in the referenced action.  I submit this letter in response to the letter filed on February 11, 2019, by counsel for plaintiff NewMarket Pharmaceuticals, LLC ("NewMarket") (ECF Doc. No. 103), requesting "emergency clarification" of this Court's order dated December 12, 2018 (ECF Doc. No. 101).  For the reasons set forth below, VetPharm submits that no such clarification is needed and that NewMarket's application is now moot.

      The Court's December 12 order provided that "[t]he Parties shall return to arbitration by February 12, 2019," and that "if NewMarket fails to comply with the Court's order requiring the parties to submit to arbitration within sixty days," then VetPharm could renew its motion to dismiss this action (ECF Doc. No. 101).  In a letter dated February 6, 2019, NewMarket took the position that VetPharm was responsible for initiating an arbitration proceeding with AAA.[1]  VetPharm responded by letter dated February 8, 2019, explaining its position that the onus was on NewMarket, as the claimant, to file a demand for arbitration.[2] (NewMarket inexplicably chose not to submit to the Court copies of the letters that prompted its "emergency clarification" motion.)

---

[1]   A copy of the December 6, 2018 letter from NewMarket's counsel is attached as **Exhibit A** to this letter.

[2]   A copy of the December 8, 2018 letter from VetPharm's counsel is attached as **Exhibit B** to this letter.

Honorable Michael A. Shipp, U.S.D.J.
February 13, 2019
Page 2

HARRIS BEACH PLLC
ATTORNEYS AT LAW

NewMarket's application is now moot. Yesterday, NewMarket purported to initiate an arbitration proceeding with AAA by filing a demand for arbitration.[3] NewMarket did not, however, pay the administrative filing fee required by AAA. Despite the fact that it is still represented by the white-shoe law firm of Cadwalader Wickersham & Taft LLP, NewMarket has claimed an exemption from the filing fee for "extreme hardship" under Rule 53 of the AAA Commercial Arbitration Rules. It is unclear at this time whether AAA will accept NewMarket's claimed hardship exemption and whether it will consider the arbitration proceeding to be properly filed. If it does, VetPharm is fully prepared to participate in the arbitration and will submit an answer (together with any counterclaim that it may assert) in compliance with AAA's Rules. If AAA rejects NewMarket's filing, and if NewMarket thereafter declines to pay the requisite filing fee, then VetPharm may make an appropriate application to this Court seeking dismissal of this action due to NewMarket's failure to arbitrate its claim.

In all events, there is no basis for NewMarket's suggestion that VetPharm has waived any claim that it may assert, or that VetPharm has otherwise acted inconsistent with its rights to demand arbitration. The cases cited by NewMarket do not support its position. VetPharm withdrew its earlier arbitration claim when NewMarket refused to pay its share of the fees, and does not read this Court's earlier order as foreclosing it from re-filing its claims in arbitration should NewMarket become other than impecunious within the period of the statute of limitations on its claim for payment. VetPharm has been—and remains—ready, willing, and able to participate in any arbitration initiated by NewMarket and to pay VetPharm's share of the arbitrator's fees.

We thank the Court for its attention to this matter.

Respectfully submitted,

HARRIS BEACH PLLC

/s/ *Kelly Jones-Howell*

By: Kelly Jones-Howell

KJH:dem

Copies: All counsel of record (via ECF)

---

[3] A copy of NewMarket's demand for arbitration is attached as **Exhibit C** to this letter.