# EXHIBIT B

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

February 8, 2019

99 GARNSEY ROAD
PITTSFORD, NY 14534
(585) 419-8800

**KYLE D. GOOCH**
SENIOR COUNSEL
DIRECT:    (585) 419-8844
FAX:        (585) 419-8811
KGOOCH@HARRISBEACH.COM

**BY EMAIL**

Robert M. Pollaro, Esq.
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York  10281

      Re:    NewMarket v. VetPharm, No. 3:17-cv-01852-MAS-TJB (D.N.J.)

Dear Robert:

      I write in response to your letter dated February 6, 2019, concerning the Court-ordered deadline for the parties to return to arbitration. Your letter suggests that (1) the burden is on VetPharm to initiate an arbitration proceeding and (2) that if VetPharm does not do so, NewMarket would then be free to pursue its claims against VetPharm in federal court. Neither of these suggestions is correct.

      The only pending claim for relief that is currently being asserted between the parties in any forum is NewMarket's affirmative claim for injunctive relief, which it has asserted in the above-captioned action in the U.S. District Court for the District of New Jersey. While NewMarket has twice attempted to litigate that claim in federal court, both times the Court has issued an order compelling arbitration of the claim. In the latest order, dated December 12, 2018, the Court ordered that "[t]he Parties shall return to arbitration by February 12, 2019." (ECF Doc. No. 101, ¶ 4.) Under Rule 4 of the AAA Commercial Arbitration Rules, an arbitration is initiated when the claimant—*i.e.*, the party seeking relief—files a Demand for Arbitration and pays the requisite administrative filing fee. Thus, under the Court's order and AAA's rules, the onus is necessarily on NewMarket, as the party seeking relief, to initiate the arbitration proceeding.

      NewMarket's argument that VetPharm is responsible for initiating the arbitration makes no sense. VetPharm has no pending claim for relief in federal court. Its only status is as a defendant to NewMarket's claim. Nothing in the parties' submissions or the Court's decision suggests that the Court was somehow compelling VetPharm to assert an affirmative claim for monetary relief against NewMarket solely to facilitate the adjudication of NewMarket's claim for injunctive relief.[1] Moreover, NewMarket's position is further belied by paragraph 5 of the Court's order, which provides that "if NewMarket fails to comply with the Court's order requiring the parties to submit to arbitration within sixty days," then VetPharm could renew its motion to dismiss. (ECF Doc. No. 101, ¶ 5.) That provision indicates that NewMarket, not VetPharm, is the party that must take steps to initiate the arbitration.

---

    [1]   VetPharm, of course, reserves its rights to pursue such a claim as a counterclaim to an arbitration initiated by NewMarket, or to initiate its own arbitration claim at any time within the applicable statute of limitations.

Robert M. Pollaro, Esq.
February 8, 2019
Page 2



NewMarket has a choice. It can choose to pursue its claim through arbitration before AAA, as required by the parties' Master Services Agreement, in which case it must commence an arbitration proceeding in accordance with the AAA Commercial Arbitration Rules. Or it can abandon its claim altogether. What NewMarket cannot do is refuse to arbitrate its claim and seek, for a third time, to have its claim heard in federal court. VetPharm has a contractual and statutory right under the Master Services Agreement and the Federal Arbitration Act to compel arbitration, and it has never waived that right.

Accordingly, by February 12, 2019, NewMarket must either (1) initiate an arbitration proceeding pursuant to Rule 4 of the AAA Commercial Arbitration Rules or (2) stipulate to a voluntarily dismissal of its federal court action pursuant to Rule 41(a)(1)(A)(ii). If NewMarket does neither, and attempts to pursue its claim[2] in federal court in defiance of two court orders compelling arbitration, VetPharm will renew its motion to dismiss and will reserve its rights to seek recovery of its attorneys' fees as a sanction for NewMarket's frivolous litigation conduct.

Please let me know if you have any questions concerning VetPharm's position.

Very truly yours,

/s/ *Kyle D. Gooch*

Kyle D. Gooch

KDG:dem

---

[2] Any further attempt by NewMarket to seek a preliminary injunction would be futile. We note that the Court has twice held that NewMarket failed to establish that it would suffer irreparable harm absent a preliminary injunction. In addition, NewMarket has delayed in seeking relief in any forum in the eight weeks that have passed since the entry of the Court's December 12 order. Such a lengthy, unexplained delay fatally undermines any assertion by NewMarket that it is at imminent risk of suffering irreparable harm absent a preliminary injunction. *See, e.g.*, *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) ("[D]elay alone may justify denial of a preliminary injunction ….").