**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

March 9, 2020

SUITE 2500
ONE GATEWAY CENTER
NEWARK, NJ 07102
(973) 848-1244

**KELLY JONES HOWELL**

DIRECT:   (212) 912-3652
FAX:       (212) 687-0659
KHOWELL@HARRISBEACH.COM

**By ECF**

Hon. Tonianne J. Bongiovanni
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey  08608

   Re: *NewMarket Pharmaceuticals, LLC v. VetPharm, Inc., et al.*,
     Civil Action No. 3:17-cv-01852-MAS-TJB

Dear Judge Bongiovanni:

  Our firm represents defendants VetPharm, Inc. ("VetPharm") and Denni Day in the referenced action. We submit this letter pursuant to the Court's order (ECF No. 120) directing the parties to provide a status update to the Court regarding the parties' arbitration.

  By way of background, NewMarket commenced this action in March 2017 against VetPharm, its chief executive officer, Denni Day, and Prelude Dynamics, a VetPharm vendor. NewMarket's verified complaint (ECF No. 1) asserts six claims for relief. In orders dated April 5, 2017 (ECF No. 22) and December 13, 2018 (ECF No. 101), the Court granted VetPharm's motions to compel arbitration of NewMarket's claims. In February 2019, NewMarket commenced an arbitration against VetPharm before the American Arbitration Association. It filed a statement of claim setting forth the same six claims for relief as in its complaint in this action, plus two additional claims. VetPharm asserted counterclaims.

  The arbitrator held a five-day hearing in October 2019, followed by post-hearing briefing and argument in November 2019. The arbitrator issued an award on January 21, 2020 and an order modifying the award on February 25, 2020. A copy of the award was attached as Exhibit A to the January 31, 2020 letter from Joel A. Pisano to Your Honor. A copy of the order modifying the award is attached as Exhibit A to this letter. The award finally resolves each of NewMarket's claims for relief in this action against VetPharm, Ms. Day, and Prelude.

Hon. Tonianne J. Bongiovanni
March 9, 2020
Page 2



Following the issuance of the award, NewMarket immediately demanded that VetPharm comply with the award, thus waiving any right to seek to vacate the award under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.

VetPharm has fully complied with the award. Indeed, the parties have now exchanged the relief provided for in the award:

1. On February 18, 2020, VetPharm delivered to NewMarket the Treatment Study database and all Treatment Study documents in its possession, custody, and control.

2. On March 3, 2020, NewMarket paid VetPharm the sum of $345.70.

3. VetPharm has made available for pickup by NewMarket the Prevention Study database and all Prevention Study documents in its possession, custody, and control. At NewMarket's request, VetPharm will ship those materials today to NewMarket's counsel by FedEx.

4. VetPharm has authorized Prelude Dynamics to deal directly with NewMarket with respect to any future services concerning the Treatment Study and Prevention Study. Letters reflecting these authorizations are attached as Exhibits B and C to this letter.

Each of the claims asserted by NewMarket was submitted to arbitration and has now been fully arbitrated. The relief sought in NewMarket's complaint—an injunction directing the delivery of the data—is now moot, as the data has been delivered to NewMarket. Therefore, VetPharm respectfully submits that the only issues remaining in this action are (1) confirmation of the award under Section 9 of the FAA, 9 U.S.C. §°9; and (2) entry of final judgment dismissing NewMarket's claims with prejudice. We respectfully request that the Court establish a schedule that will resolve these issues efficiently.

On Thursday, VetPharm proposed to NewMarket that the parties jointly move to confirm the award and enter final judgment. *See* Exhibit D. NewMarket's counsel declined on the basis that NewMarket intends to assert new claims concerning the "quality of the data." Exhibit E.

Any effort by NewMarket to assert a new claim based on the "quality of the data" would be frivolous. NewMarket had a full and fair opportunity to present

Hon. Tonianne J. Bongiovanni
March 9, 2020
Page 3

HARRIS BEACH PLLC
ATTORNEYS AT LAW

claims concerning the quality of the data during the parties' arbitration. It hired an expert to opine about that very issue. But each of NewMarket's accusations about the quality of the data was debunked at the hearing, including by the testimony of NewMarket's own data auditor, Linda Gebhard. All of NewMarket's claims for damages based on alleged data-quality issues were dismissed. NewMarket is now bound by that decision and it cannot seek to relitigate in this Court claims it lost in the arbitration.

Respectfully submitted,

HARRIS BEACH PLLC

  /s/ *Kelly Jones Howell*
Kelly Jones Howell
Douglas A. Foss (*pro hac vice*)
Kyle D. Gooch (*pro hac vice*)

Enclosures

Copies: All counsel of record (by ECF)

298883\4817-9156-1398\